**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TETDI SUSANTO TJHAI, | No. 10-71751 |
| Petitioner, | Agency No. A099-716-211 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Tetdi Susanto Tjhai, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we deny the petition for review.

Tjhai's experiences in Indonesia, some of which occurred when he was young, and which included robberies, the looting and destruction of his family's store during the 1998 riots, and discriminatory comments from a teacher, do not compel a finding of past persecution. *See id.* at 1059-60; *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (incidents of mistreatment, including arbitrary arrest and detention by police and beating at the hands of rioters, did not compel finding of past persecution); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so.") (emphasis in original). Further, substantial evidence supports the BIA's determination that, even under a disfavored group analysis, Tjhai failed to show sufficient individualized risk to establish eligibility for asylum. *See Halim*, 590 F.3d at 977-79. Accordingly, Tjhai's asylum claim fails.

Because Tjhai failed to demonstrate eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

10-71751

Finally, Tjhai does not challenge the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**